## GEORGE W. MᶜLAIN

*v.*

## SUSAN FARDEN.

NEW TRIAL—*finding on circumstantial evidence.* A new trial will not be granted in trespass for killing an animal, although there may be no direct and positive evidence that the defendant did the act, if the circumstances proved satisfactorily lead the mind to the conclusion of his guilt.

APPEAL from the Circuit Court of Peoria county; the Hon. JOSEPH W. COCHRAN, Judge, presiding.

Messrs. COOPER & BASSETT, for the appellant.

Mr. LAWRENCE HARMON, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was trespass, in the Peoria circuit court, by Susan Farden, plaintiff, and against George W. McLain, defendant, to recover damages for killing a certain grey mare of the plaintiff, of the value of one hundred and fifty dollars.

On not guilty pleaded, there was a trial by jury, resulting in a verdict for the plaintiff for one hundred and fifty dollars. A motion for a new trial was denied, and judgment rendered on the verdict, to reverse which defendant appeals, and assigns various errors.

' The principal point made and argued at great length by appellant is, that the verdict is contrary to the evidence.

We have examined the record with great care, and weighed the testimony found therein, and are perfectly satisfied the jury were well warranted in finding as they did. Although no positive proof was adduced that the defendant actually killed the mare, yet the circumstances, as detailed by George Elder, the principal witness for the plaintiff, are so strong as to lead to an inevitable conclusion that defendant did the act; else, why the injunction to the boys to say nothing about it, and why did defendant, with the help of the boy Elder and his son George, take such pains, at such an unusual hour, to haul the dead body away and bury it at night, defendant cutting off the legs to fit it for the hole they had dug, and then pile willow brush upon it to conceal it from view, and why, if innocent, did he not mention the facts to some one or more of his neighbors; or, if the mare died of over-eating, why did he not inform his neighbor, the plaintiff, when inquired of about the mare? An innocent man would not so have acted. It is true, defendant and his son George do not corroborate George Elder, nor is it to be expected they would; but that Elder told the truth as to the burial of the animal, there can be no doubt, as he showed the spot where she was buried, and pointed out the position of the head. That his participation in the deed was as the servant of defendant and by his orders, there can be no doubt. The mare had annoyed the defendant by trespassing on his fields, which he failed to protect by a sufficient fence. This was his motive of action, ignoble as it may be. It is a clear case for the plaintiff, and the jury decided properly in finding the defendant guilty and awarding damages to the full value of the mare, and the judgment must be affirmed.

*Judgment affirmed.*